UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEON KROLIKOWSKI<br>  Plaintiff<br><br>v.<br><br>BARBERINO CAR COUNTRY LLC D/B/A<br>BARBERINO MITSUBISHI, CONSUMER<br>PORTFOLIO SERVICES, INC. AND,<br>SANTANDER CONSUMER USA INC.,<br>  Defendants | CIVIL ACTION NO.<br><br><br><br><br><br><br><br>DECEMBER 9, 2015 |

## COMPLAINT

### I.  INTRODUCTION

1.   This is a suit brought by a consumer against Barberino Car Country LLC d/b/a Barberino Mitsubishi ("Barberino"), Consumer Portfolio Services, Inc. ("CPS"), and Santander Consumer USA Inc. ("Santander") for violations of the Equal Credit Opportunity Act ("ECOA") 15 U.S.C. §§ 1691 *et seq.*

### II.  PARTIES

2.   Plaintiff, Leon Krolikowski ("Krolikowski"), is a natural person residing in Rocky Hill, Connecticut.

3.   Defendant Barberino is a Connecticut Limited Liability Company that operates an automobile dealership in Watertown, Connecticut.

4.   Defendant Consumer Portfolio Services, Inc. ("CPS") is a California corporation with a business address in Las Vegas, Nevada.

5.   Defendant Santander Consumer USA Inc. ("Santander") is an Illinois corporation with a business address in Dallas, Texas.

## III. JURISDICTION

6. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 15 U.S.C. § 1691e(f).

7. This Court has jurisdiction over the defendant Barberino because it is organized under the laws of this state and regularly conducts business in this state.

8. This Court has jurisdiction over defendants CPS and Santander because they regularly do business in this state.

9. Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

10. Krolikowski is over 62 years of age and is "elderly" within the meaning of the ECOA.

11. Krolikowski's sole means of income are social security and a military pension.

12. In or around early September, 2015, Krolikowski received a notice in the mail advising him that was "pre-qualified for an auto loan from $5,500 up to $39,000" from Barberino.

13. At the same time, Krolikowski saw advertisements by Barberino in an Auto Solutions Magazine stating, "$199 + A PAY STUB = EVERYONE GETS AN AUTO GUARANTEED!!!"

14. Krolikowski is a retired Veteran and he receives social security and a military pension, and he was willing and able to pay $199 down and show proof of income in order to be approved for financing.

15. Based on the representations in the notice and in the advertisements, Krolikowski decided to call the telephone number listed in the notice and inquire about purchasing a car.

16. The number connected Krolikowski to Barberino, and he spoke with Jimmy Mazziotti ("Mazziotti") at Barberino, who at all times acted as Barberino's authorized representative.

17. Krolikowski provided Mazziotti with his social security number and provided information regarding his finances.

18. Mazziotti told Krolikowski that he qualified for a loan in the full amount of $39,000 and asked him to come to Barberino to look at vehicles.

19. Based upon the Barberino's representation that he had been approved and based on its advertisements guaranteeing approval and the substance of the notice, Krolikowski believed that his credit application had been approved, and he scheduled an appointment to visit Barberino to look at vehicles.

20. On September 11, 2015, Krolikowski met with Mazziotti at Barberino, and he selected a used 2014 Nissan Maxima (the "Vehicle").

21. Krolikowski and Barberino agreed upon a cash price of approximately $20,000 for the Vehicle.

22. Barberino had submitted Plaintiff's credit information to CPS, who participated in the decision whether to extend credit to Krolikowski.

23. Barberino had also submitted Plaintiff's credit information to Santander, who participated in the decision whether to extend credit to Krolikowski.

24. After approximately 3 ½ hours, Mazziotti informed Krolikowski that Barberino could not obtain approval of his credit application.

25. Neither Barberino nor CPS nor Santander furnished Krolikowski with written notice that they had taken an adverse action on his credit application.

## V.  CAUSES OF ACTION

26. Barberino, CPS, and Santander are all "creditors" within the meaning of ECOA.

27. Barberino failed to provide Krolikowski with written notification as to the reasons for the denial of his credit application and failed to provide him with written notification of (a) Plaintiff's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification and (b) the identity of the person or office from which such a statement may be obtained.

28. Barberino's failure to furnish an adverse action notice was a violation of 15 U.S.C. § 1691(d).

29. By guaranteeing financing to individuals who can pay $199 as a downpayment and who can demonstrate employment income, but not extending the guarantee to individuals who can make the required downpayment but who have retirement income, Barberino discriminates against elderly consumers, including Krolikowski, on the basis of age, in violation of 15 U.S.C. § 1691(a)(1).

30. Additionally, because part of Krolikowsi's income derives from social security, Barberino has discriminated against him in violation of 15 U.S.C. § 1691(a)(2).

31. CPS failed to provide Krolikowski with written notification as to the reasons for the denial of his credit applications and failed to provide him with written notification of (a) Plaintiff's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification and (b) the identity of the person or office from which such a statement may be obtained.

32. CPS's failure to furnish an adverse action notice was a violation of 15 U.S.C. § 1691(d).

33. Santander failed to provide Krolikowski with written notification as to the reasons for the denial of his credit applications and failed to provide him with written notification of (a) Plaintiff's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification and (b) the identity of the person or office from which such a statement may be obtained.

34. Santander's failure to furnish an adverse action notice was a violation of 15 U.S.C. § 1691(d).

35. As a result of Barberino, CPS and Santander's violations of the ECOA, Plaintiff suffered inconvenience, embarrassment, aggravation, and emotional distress.

36. Plaintiff also suffered damages in that he has spent time and incurred transportation expenses in traveling to Barberino in his attempts to purchase a Vehicle.

37. Barberino, CPS and Santander are all liable to Plaintiff for statutory punitive damages in an amount not greater than $10,000 each pursuant to 15 U.S.C. § 1691e(b).

38. Barberino, CPS and Santander are also liable to Plaintiff for reasonable attorney's fees and costs.

**WHEREFORE,** Plaintiff claims actual damages, statutory punitive damages in an amount not greater than $10,000 per defendant pursuant to 15 U.S.C. § 1691e(b); and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g.

                    PLAINTIFF LEON KROLIKOWSKI

By: /s/ *Daniel S. Blinn*
     Daniel S. Blinn, ct02188
     dblinn@consumerlawgroup.com
     Consumer Law Group, LLC
     35 Cold Spring Road
     Suite 512
     Rocky Hill, CT  06067
     Tel. (860) 571-0408
     Fax. (860) 571-7457